**UNITED STATES of America, Plaintiff,**

v.

**Peter P. JACKSON, Defendant.**

**No. CR 3–90–35.**

United States District Court,
D. Minnesota,
Third Division.

July 16, 1992.

Henry J. Shea, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Douglas A. Kelley, Minneapolis, Minn., for defendant.

STATEMENT OF REASONS OF
IMPOSING SENTENCE

MAGNUSON, District Judge.

### I. *Findings of Fact*

The probation office has conducted an extensive presentence investigation (PSI) in this matter. Rule 32, Federal Rules of Criminal Procedure, 18 U.S.C. § 3552. The court has ordered certain amendments to the report because substantial portions of the reported information is, in fact, irrelevant to Peter Jackson. The parties have provided the court with a sentencing stipulation which the court has considered in its sentencing. The court adopts the amended PSI in its totality.

### II. *Purposes*

Defendant pled guilty to preparing and submitting a false real estate appraisal in violation of 18 U.S.C. § 1014. The court has imposed sentence to serve as punishment for the wrong done. Defendant's conduct will not be condoned.

### III. *Application of the Guidelines*

The court makes the following findings based on the stipulation of facts of the parties with respect to application of the Guidelines. Under the Guidelines in effect when the offense was committed, § 2F1.1(a), the base offense level is 6. The Guidelines provide the base offense level is increased by the amount of loss. 2F1.1(b) The parties' sentencing stipulation provides that approximately $1.4 million loaned on the Jockey Club was lost after defendant performed his appraisal. Therefore, the court must add 9 points to the offense level. The offense level is increased by two levels for use of a special skill pursuant to Guideline § 3B1.3. Because there is no evidence to support planning of criminal activity, no points are added under 2F1.1(b)(2). The court believes defendant has accepted responsibility and therefore grants a two point reduction resulting in a total offense-level finding of 15 points.

Applying the guidelines to the facts, the court-determines the resulting applicable guidelines to be as follows:

Total Offense Level: 15
Criminal History Category: I (0 Points)
Guidelines Sentence: 18 to 24 months
Supervised Release: 1 year
Fine Range: $20,000–$50,000

### IV. *Motion for Downward Departure and Reasons*

Pursuant to § 5K2.0 the sentencing court may impose a sentence outside the range established by the applicable guide-

line, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) The court believes a downward departure is warranted in this case. Guideline § 2F1.1 note 11 provides in pertinent part:

> In a few instances, the total dollar loss that results from the offense may overstate its seriousness. Such situations typically occur when a misrepresentation is of limited materiality or is not the sole cause of the loss.... In such situations downward departure may be warranted.

The court finds departure is proper because the offense level is extraordinarily exaggerated by the dollar value involved in that the defendant was a minimal cause of the $1.4 million dollar loss. In *United States v. Restrepo*, 936 F.2d 661 (2d Cir. 1991), the court found that where the upward adjustment for the amount of money involved dramatically increased the total offense level out of proportion with the defendant's participation, the court was justified in departing downward. The court held that where the "offense level has been extraordinarily magnified by a circumstance that bears little relation to the defendant's role in the offense, a downward departure may be warranted on the ground that minimal participation exists to a degree not contemplated by the guidelines." *Id.* at 667. In this case defendant was a very minor player and only contributed minimally to the loss. The actions of other persons involved in the loan transactions aided substantially and caused the loss. For example, the loans violated the banks lending limits. The inflated appraisal standing alone was insufficient to substantiate the loans to the Jockey Club. Moreover, the appraisal was not the sole basis for the $1.4 million loan on August 22, 1988. It is noted that the loans were not secured by the property defendant appraised. *See United States v. Gregorio*, 956 F.2d 341 (1st Cir.1992) where the 1st Circuit upheld downward departure for "multiple causation". Based on the foregoing, the court departs downward.

## V. *Sentence*

Imprisonment for 6 months with work release

Supervised release for 1 year

Fine $20,000

Special Assessment of $50

## VI. *Surrender*

The Court finds that the defendant is a candidate for voluntary surrender. The defendant shall voluntarily surrender on or before September 8, 1992 at or before 11:00 A.M. to the Office of the United States Marshal or at such place designated by the U.S. Marshal. In addition, the court strongly recommends the place of confinement be in the New York area to allow defendant's work release. Defendant is not required to pay costs of imprisonment and costs of supervision.